UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA MOURLAS, | CIVIL ACTION |
| Plaintiff, | 20-cv-04717 |
| v. | COMPLAINT |
| MIDLAND CREDIT MANAGEMENT, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

**COMPLAINT FOR RELIEF PURSUANT TO**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

Now Comes the Plaintiff, LISA MOURLAS ("Lisa"), by and through her attorney, complaining of the Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("MCM"), as follows:

**NATURE OF THE ACTION**

1. Lisa brings this action as a consumer to secure redress from unlawful debt collection practices engaged in by MCM. Lisa alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*. ("ICFA").

2. Jurisdiction is conferred upon this Court by 15 U.S.C. §1692k(d) and 28 U.S.C. §1331, as this action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §§2201, 2202 and 735 ILCS 5/2-701.

1

3. Venue and personal jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Defendant conducts business in the Northern District of Illinois and the conduct complained of occurred within this district.

## PARTIES

### Plaintiff

4. Lisa Mourlas ("Lisa") is natural person residing in Chicago, Illinois.

5. Lisa is a "consumer," as defined by the FDCPA, 15 U.S.C. §1692a(3).

### Defendant

6. Midland Credit Management, Inc. ("MCM) is a Kansas corporation that conducts and transacts business throughout Illinois. MCM's Illinois agent is Illinois Corporation Service C, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

7. MCM is a "debt collector," as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly uses the mails, the telephone, and/or other instrumentalities of interstate commerce, to collect, or attempt to collect, debts asserted to be owed to another and because the principal purpose of its business is the collection of debts.

8. At all times relevant to this complaint, MCM was collecting on a consumer "debt," as defined by the FDCPA, 15 U.S.C. §1692a(5).

## FACTS SUPPORTING CAUSE OF ACTION

### Collection Case

9. On or about January 9, 2020, MCM filed a breach of contract action against Lisa to collect the alleged balance on a credit card account ("subject debt") MCM allegedly purchased from the original creditor ("collection case"). *See* Exhibit A, a true copy of the collection case electronic docket filed in the Circuit Court of Cook County.

10. On or about July 20, 2020, Lisa received a copy of the collection case complaint in the mail. *See* Exhibit B, a true copy of the collection case complaint served via mail ("MCM's complaint").

## **False Statements**

11. Much of MCM's complaint is devoted to describing the means by which MCM "works with consumers in an effort to find mutually-beneficial solutions, often offering discounts, hardships, and payment options." *Id.*, at ¶¶ 10-13.

12. MCM states, "[it] attempts to exclude consumers from its collection efforts where [it] believes those consumers are facing extenuating circumstances or hardships that would prevent them from making any payments." *Id*.

13. MCM states, "despite [its] efforts to reach consumers and resolve the consumer's obligations, only small percentage of consumers choose to engage with [MCM] … and some simply refuse to repay their obligations despite an apparent ability to do so." *Id*.

14. MCM further states, "[w]hen this happens, [MCM] must decide then whether to pursue collection through legal channels, including litigation like the present action against [Lisa]." *Id*.

15. The forgoing statements in MCM's complaint are false because MCM made no such attempt to resolve the subject debt or evaluate Lisa's ability to pay prior to the filing the collection case.

## **Deceptive Unfair Tactics**

16. MCM's false statements are intended to deceive the court into believing that MCM exhausted good-faith efforts to resolve the subject debt with Lisa prior to the filing of the collection case.

17. In reality, MCM routinely initiates litigation against consumers without taking measures to resolve the debt voluntarily, as it did against Lisa.

18. MCM's tactics are designed to intimidate and coerce herds of consumers into agreeing to pay the debts at the initial court date; those that do not appear are subject to the entry of a default judgement based on MCM's false representations.

19. That MCM is willing to mislead the court in order to effectuate its scheme is extremely devious and underhanded.

## Lack of Meaningful Review

20. Moreover, MCM's attorneys did not independently review any individual account information or any other aspects of Lisa's consumer information before they filed MCM's complaint.

21. Had MCM's attorneys conducted a meaningful review of the matter, they would have discovered the lack of any effort by MCM to resolve the subject debt prior to the commencement of litigation.

22. MCM's complaint creates the false impression that lawyers were meaningfully involved in assessing the subject debt, despite the fact that MCM's attorneys could not have possibly reviewed all relevant information.

23. This practice is unfair and deceptive because it falsely implies that an attorney has reached a considered judgment in his or her professional capacity, including as to the debtor's ability to pay the subject debt.

**Damages**

24. MCM's deceptive and unfair collection tactics have resulted in stress and confusion to Lisa, forcing her to spend time consulting with attorneys for clarification and to ensure that MCM's unfair collection efforts ceased.

25. MCM's unfair actions have caused Lisa a great deal of emotional distress, as she now faces the burden of defending the collection case lawsuit in order to avoid a default judgement (with costs and post-judgement interest) based on the deceptive collection case complaint.

26. Lisa may now need to hire an attorney to defend against the false allegations brought against her in the collection case, including that she "refuse[s] to pay [her] obligations despite an apparent ability to do so." *See* Exhibit B, at ¶ 13.

27. Lisa has already sustained economic harm as a result of Defendants' deceptive and unfair conduct, including costs incurred meeting with attorneys and preparing documents for attorney review.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

28. Lisa repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. MCM violated 15 U.S.C. §§1692e(3), e(10), and f through its debt collection efforts.

30. MCM violated 15 U.S.C. §1692e(3) when it filed the collection case complaint without conducting a meaningful review into the facts, including the debtor's ability to pay the subject debt and MCM's attempts to resolve the subject debt out of court.

31. MCM violated 15 U.S.C. §1692e(10) by falsely representing to the court that it had actually considered the debtor's ability to pay the subject debt and that it had made attempts to resolve the subject debt out without litigation.

32. MCM violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt; MCM's tactics described above are reprehensible.

33. As plead in paragraphs 24 through 27, Lisa has suffered damages as a result of MCM's illegal collection efforts.

34. As a result of MCM's violations of the FDCPA, and in consideration of the willful and reckless disregard for the law, Lisa is entitled to a declaratory judgment that MCM's actions violate the FDCPA, as well as an award of actual damages, statutory damages, legal fees and costs pursuant to 15 U.S.C. §1692k(a)(1), (2) and (3).

WHEREFORE, Plaintiff, LISA MOURLAS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the FDCPA;

b. awarding actual damages in an amount to be determined at trial;

c. awarding statutory damages of $1,000 as prescribed by the FDCPA;

d. awarding costs and reasonable attorneys' fees as provided under the FDCPA and;

e. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

35. Lisa repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

36. Lisa is a "person," as defined by the ICFA, 815 ILCS 505/1(c).

37. Lisa is a "consumer," as defined by the ICFA, 815 ILCS 505/1(e).

38. At all times relevant to this complaint, MCM was engaged in "commerce," as defined by the ICFA, 815 ILCS 505/1(f).

39. It was misleading and deceptive for MCM to claim it had taken measures to resolve the subject debt and assess Lisa's ability to pay prior to filling the collection case when, in fact, it had not done so.

40. MCM intended for Lisa and/or the court to rely on its deceptive statements and agree to pay the subject debt, or issue a default judgement, based on the representations made in MCM's complaint.

41. MCM's deceptive and unfair conduct caused economic harm to Lisa by forcing her to expend time and money consulting with attorneys, rather than actually exploring the possibility of a voluntary resolution of the subject debt.

42. As plead in paragraphs 24 through 27, Lisa has suffered further damages as a result of MCM's illegal collection efforts.

43. As a result of MCM's violations of the ICFA, and in consideration of the willful and reckless disregard for the law, Lisa is entitled to a declaratory judgment that MCM's actions violate the ICFA, as well as an award of actual damages, punitive damages, legal fees and costs of this lawsuit.

WHEREFORE, Plaintiff, LISA MOURLAS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the ICFA;
b. awarding actual and punitive damages, in an amount to be determined at trial, for the underlying violations;
c. awarding costs and reasonable attorney fees;
d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 11, 2020

Respectfully Submitted,

/s/ Daniel J. McGarry
Daniel J. McGarry, Esq. ARDC#6309647
Of Counsel, Whiteside & Goldberg, Ltd.
155 N. Michigan Ave., Suite 540
Chicago, IL 60601
(312) 334-6875
dmcgarry@wglawgroup.com
*Counsel for Plaintiff*